**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NO. 25-14244-CIV-CANNON**

**ANNITA MARICE** and
**NUTSINEE DETPAIBOONYOAT**,

      Plaintiffs,

v.

**ANGELICA ALFONSO-ROYALS,**
*Director, U.S. Citizenship and Immigration Services*, et al.,

      Defendants.

_____/

## ORDER DISMISSING SHOTGUN COMPLAINT AND PERMITTING REPLEADING

**THIS CAUSE** comes before the Court upon a sua sponte review of the record.  On July 8, 2025, Plaintiffs filed a two-count Complaint for Declaratory and Injunctive Relief against various federal immigration and law enforcement officials and entities [ECF No. 1].  The Complaint alleges that Defendants violated the Administrative Procedures Act and the Due Process Clause of the Fifth Amendment to the Constitution in connection with Defendants' adjudication of Plaintiffs' immigration applications [ECF No. 1].  The second count in the Complaint, however, incorporates all preceding allegations, thus rendering the Complaint an impermissible "shotgun pleading" [ECF No. 1 ¶ 28].  *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015) ("The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.").  Additionally, the Complaint alleges "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which

of the defendants the claim is brought against[,]" thus generating another shotgun pleading problem. *Id.* The Court has an independent obligation to dismiss such pleadings and require repleader.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff may file an amended complaint that is consistent with this Order on or before **July 22, 2025**. **The amended complaint must not contain any successive counts that incorporate all prior allegations**. In other words, Counts I and II may incorporate the same factual allegations (paragraphs 1 through 22), but Count II must not broadly incorporate the allegations of Count I. **Any amended complaint must also set forth, with sufficient detail and particularity, which of the defendants are responsible for which alleged acts or omissions; why those acts or omissions plausibly trigger liability as to each defendant; and which claims are brought against which defendants**. Lumping together of "Defendants," without more, will not suffice.

3. Failure to comply with this Order may result in dismissal of the case without further notice.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 9th day of July 2025.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

2